UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLOTTE RHINE and
G. GARY RHINE,

       Plaintiffs,                         CASE NO.:

vs.

HOME DEPOT U.S.A., INC., and
R & B SALES AND MARKETING, INC.,

       Defendants.
_____/

## DEFENDANTS HOME DEPOT U.S.A., INC. AND R & B SALES AND MARKETING, INC.'S NOTICE OF REMOVAL

Defendants Home Depot U.S.A., Inc. (hereinafter "Home Depot") and R & B Sales and Marketing, Inc. (hereinafter, "R & B Sales," and collectively, "Defendants") by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 4.02, hereby remove this action from the Circuit Court for the Twentieth Judicial Circuit, in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division, on the following grounds:

### BACKGROUND

1. On or about May 13, 2022, Charlotte Rhine and G. Gary Rhine (hereinafter, "Plaintiffs") filed a Complaint against Home Depot U.S.A., Inc.

and Milwaukee Electric Tool Corporation in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, captioned *Charlotte Rhine and G. Gary Rhine, Plaintiffs v. Home Depot U.S.A., Inc. and Milwaukee Electric Tool Corporation, Defendants,* Case Number 2022-CA-792.

2. On or about June 3, 2022, Plaintiffs filed Amended Complaint (hereinafter, "Amended Complaint") against Home Depot U.S.A., Inc. and R & B Sales and Marketing, Inc. in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, captioned *Charlotte Rhine and G. Gary Rhine, Plaintiffs v. Home Depot U.S.A., Inc. and R & B Sales and Marketing, Inc., Defendants,* Case Number 2022-CA-792.

3. On or about June 6, 2022, Plaintiffs served the Amended Complaint on Defendants through email to their attorneys.

4. The Amended Complaint alleged negligence and loss of consortium claims against Defendants in connection with Charlotte Rhine allegedly being injured on a merchandising display at Home Depot on September 2, 2020. (Amended Complaint ¶ 10 and Counts I-III).

5. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the

Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**AMOUNT IN CONTROVERSY**

6.       Plaintiffs allege that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00). (Amended Complaint ¶ 1). Plaintiffs allege that Plaintiff Charlotte Rhine was walking through Home Depot following the direction of store employees when she came in contact with a sharp object protruding from a display designed and installed by R & B Sales. (Amended Complaint ¶ 10). Plaintiffs state the object "sliced her right leg causing severe pain and causing her to fall and sustain additional injuries." (Amended Complaint ¶ 10).

7.       Plaintiffs state that as a result of the incident, Plaintiff Charlotte Rhine suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Plaintiffs state the losses are either permanent or continue and Plaintiff Charlotte Rhine will suffer the losses in the future. (Amended Complaint ¶ 11).

8.       Plaintiffs further allege Plaintiff Gary Rhine, as husband of Charlotte Rhine, has suffered consequential damages and has been deprived of

his wife's full society, care, comfort, companionship, and has otherwise suffered a loss of consortium. Plaintiffs state these losses are either permanent or continuing and Plaintiff Gary Rhine will continue to suffer losses in the future. (Amended Complaint ¶ 25).

9. On May 13, 2022, Plaintiffs filed a Civil Cover Sheet in the Twentieth Judicial Circuit, in and for Collier County, Florida, stating the amount of the claim to be more than $100,000.00.

10. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. The Court is entitled to rely on its judicial experience and common sense in

determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendants' allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendants are not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

11. Although Defendants deny that Plaintiffs are entitled to any monetary relief whatsoever, based on this information, Defendants believe, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Defendants' good faith belief is based upon Plaintiffs' Amended Complaint and documents filed with the court. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

12. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla.

Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

13. A corporation is a citizen of both the state where it is incorporated and the state where it had its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

14. Plaintiffs are citizens of Florida. Plaintiffs' Amended Complaint states that: Plaintiff Charlotte Rhine resides in Naples, Collier County, Florida; Plaintiff Gary Rhine was a resident of Collier County, Florida, and is the husband of Plaintiff Charlotte Rhine. (Amended Complaint ¶¶ 2, 3, 25). Thus, based on information and belief, Plaintiffs are citizens of Florida.

15. Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, Home Depot is a citizen of both Delaware and Georgia.

16. R & B Sales is a Delaware corporation with its principal place of business in Anderson, South Carolina. Thus, R & B Sales is a citizen of both Delaware and South Carolina.

17. Complete diversity of citizenship exists because Plaintiffs are not citizens of the same state as any Defendant. *See* 28 U.S.C. § 1332(a).

### **PROCEDURAL COMPLIANCE**

18. Although Defendants deny that Plaintiffs are entitled to any monetary relief whatsoever, based on the above information, Defendants believe, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1332(a)(1).

19. This Notice of Removal is timely because it was filed within thirty days after the date of receiving a copy of the Amended Complaint setting forth the claim for relief upon which this action is based, and from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b).

20. Removal to the Fort Myers Division of this Court is appropriate under Local Rules 1.02(b)(4) and 1.02(c) because the action was filed in Collier County, Florida.

21. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit A**.

22. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiffs and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendants Home Depot and R & B Sales, by and through undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, Case No. 2022-CA-792 to the United States District Court for the Middle District of Florida, Fort Myers Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed through the CMECF E-Filing Portal and copies have been furnished via email to counsel of record on June 28, 2022.

/s/*Robert M. Fulton*
Robert M. Fulton
Florida Bar No. 0008516
Carmen Cato
Florida Bar No. 1032609
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL 33601
bob.fulton@hwhlaw.com
carmen.cato@hwhlaw.com

Tel: (813) 221-3900
Fax: (813) 221-2900
*Attorneys for Home Depot U.S.A., Inc.*
*and R & B Sales and Marketing, Inc.*

16978621v1